19-2156 United States v. Miller Council, please proceed when you're ready to do so. May it please the Court, Counsel. Your Honors, this Court must remand this case to the District Court for resentencing because the District Court imposed a special condition in violation of 18 U.S.C. 3583d in violation of Article 3 of the United States Constitution and in violation of Tenth Circuit jurisprudence, which requires a sentencing court to provide supporting findings before imposing special conditions of conditional release, excuse me, of supervised release. Are we under plain error review here? This wasn't objected to, right? We 100% are under plain error review, Your Honor. That is absolutely correct, and we believe that there was error. It was plain. It didn't affect a substantive right and that the Court's error does not survive plain error review. 18 U.S.C. 3583d very specifically contains clear statutory language that states that the District Court's responsibility to determine the amount of drug tests that a probationer shall be subjected to during the probationary period. It states, again, quite plainly, that the Court shall also order as an explicit condition of supervised release that the defendant refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of release on, excuse me, 15 days of release on supervised release and at least two periodic drug tests thereafter. And the key language there is that after thereafter, it says, quite plainly, as determined by the Oh, please, Judge Baldo. Counsel, let me ask you, do we have any Tenth Circuit authority directly on point of the issues that you raised? We don't have any Tenth Circuit authority that's directly on point. I would say that the statute does appear to be clear in the language and the intent of the statute. And I would also point, Your Honor, to your brothers and sisters in the Ninth Circuit. I'm sorry. Counsel, I agree with you there. What do we do with, like, the Seventh Circuit when we're on plain error? What's the prejudice here, whether the judge orders it or the probation officer orders it? Where's your prejudice under plain error? Well, Your Honor, first off, in terms of whether or not there's a substantial liberty interest at stake, which I think is what you're getting at when we talk to error, when you're asking about error. Your Honor, I apologize. I'm not familiar with Tejada. I know that the Ninth Circuit in U.S. v. Stevens, the Seventh Circuit in U.S. v. Bonanno, and the First Circuit in U.S. v. Melinda Santana all came to the same conclusion that we're asking this Delegating the amount of drug tests that an individual might be subjected to is very clearly an article-free function. It is beyond what would be considered a ministerial function. Doesn't the distinction in those cases mean that it was subjected to below and not on plain error? That's correct. Some of those cases were not on plain error, but the Court's opinion regarding what was being stated is no different, and that is simply that the statute is very clear and states that the number of tests shall be determined by the Court. You can't buy the first two prongs if I give you credit for those two arguments, Counselor. How do you get by the third prong, the present prong? Well, Your Honor, any time, first off, being placed on probation at all is a punishment, and therefore a substantial liberty interest is at stake, and we know this from the Supreme Court decision in Gaul, which very clearly stated that being placed on supervision, whether it be probation or supervised release, is a form of punishment. Second off, in terms of substantial liberty interest in the third prong of the plain error standard that Your Honor was to violate that condition, in other words, he failed to take a drug test, then he would be automatically, mandatorily placed either in jail or in prison. So there is absolutely a substantial liberty interest that is at stake in this matter. Mr. Miller's own liberty, his very liberty is at stake. Let me interrupt. I think you're focused on whether there's an error, and whether the judge is trying to push you to the third prong of plain error review, which is whether it affected the defendant's substantial rights, and whether you're arguing statutory error or constitutional error. The cases, Padilla and Tejeda, both say because the defendant can't show that the amount that was ordered by the parole officer is different than what would be ordered by the judge, you can't meet this prong. How do you respond to that? Your Honor, as I stated, I'm not familiar with either one of those cases. I will say this, it appears as though Your Honors have a decision to make as to which jurisdiction has applied this correctly. I'm not aware of any error case that's gone the other way on prong three on this issue. Can you point me to it? I cannot, Your Honor. The cases that I did cite before, Steffens, Bonanno, Belinda, Santana, none of them were on plain error review. But I do believe that a plain error review requires that there's an error that has been plain, that a substantive right has been affected, and I think that a substantive right has been affected, specifically that Mr. Miller's liberty is at stake. I understand, Your Honor, to say that what's the difference? And I think that there's an inherent desire or need on behalf of this court and of all the courts to give the statute, to adhere to the statute's clear statutory language. The government's argument on this issue, Your Honor, is simply that, or part of it anyway, is that the language of the statute offers somehow some wiggle room, and that it can be interpreted as allowing for the probation officer to make that distinction. I realize Your Honor's asked me about case law regarding the plain error argument, but I would submit to this court that the government has provided no case law for this notion that the probation office is better situated to determine how many drug tests should be given and why this court should ignore the clear language of the statute. Let me pause you there and ask even a more basic question, which is the trail end of that statute, as determined by the court, there are going to be at least two drug tests in addition to the first one. And then we skip forward to the special condition, and there are six paragraphs there, looks like, maybe seven if you call one a paragraph. And the disputed one says, you must submit to substance abuse testing. And it doesn't say who's doing the testing. And you and your brief say, apparently, that that's probation officer. But why should I read it that way? Why shouldn't I read it right with what's above it, namely that there is a program professional tester who's going to be testing. And this paragraph simply says, here's what you have to abide to when the program tester tells you to do it. Um, what I think you're saying is that this special condition as we read it, is incorrect, and that it doesn't necessarily require the probation officer to make that decision. I would point out a couple things. One that seems directly in contrary to what the government's argument was, is that that it was specifically directed towards the probation officer, and that the probation officer should have that should have that ability. I think that in some of the other cases that I cited and that I've read, it seemed implied that that statement was directed directly towards the probation officer. Well, it would be if there weren't a testing program, too. In other words, if that paragraph were in there by itself, as the special condition, then who else would it be but probation? Well, your honor makes a good point. And it kind of brings me to another issue that I have regarding this, the special condition, and that is that due to the fact that there were no other there was no particularized finding by the court regarding the need for this special, the special condition. It's rather confusing with regard to what your honor is asking, because we know that there are already two other conditions, which would require Mr. Miller in this case, to be subjected to drug testing or substance abuse testing. We have the mandatory condition and we have the special condition number two, which requires that he have to undergo substance abuse treatment. And under that substance abuse treatment, typically an individual is subjected to additional testing as well. So part of the problem that we have with the special condition is not just that it was enacted in violation of 18 U.S.C. 3583D, but also the fact that there were no special there was no particularized findings or generalized statement of facts which would support the issuance of that special condition. That is very clearly required by Tenth Circuit jurisprudence, specifically United States v. Burns 775F3-1221. I'm trying to chew up all your time, so you can get off that and we'll turn it over to Judge McHugh. Thank you. Sorry. Sure. Going then to the no particularized findings, I'd like you to focus again on the third prong of plain error. What is your burden to show that his rights were affected, his substantial rights were affected by the failure to make findings? Well, Your Honor, again, there is a substantial liberty interest at stake for Mr. Miller. It is possible for in this situation for the defense counsel to determine exactly what was the need for this third special condition when indeed that condition has already been put in place by two others. So the notion, I think that there's always an interest in the public in general to that when there is Tenth Circuit jurisprudence, which is directly on point, that the general public can have faith that this court and other courts will follow that jurisprudence, will follow the fact that there is a case law, which is directly on point. And in this case, it is undisputed and it is quite clear that the court needs to make some sort of a special finding just because it's a smaller issue or because it's an issue that's perhaps not as sexy or not as interesting as others doesn't mean that we shouldn't adhere to it, that this court shouldn't follow additional or very clear Tenth Circuit jurisprudence. Circling back around, go right ahead, Your Honor. One thing I'd like you to touch on, you keep saying that it's a liberty interest, but the case, you rely on Padilla and Padilla, the Fifth, the First Circuit concluded that it's the statutory error, but it's not a constitutional error. It's not a liberty interest. Do you want to respond to that? Oh, Your Honor, I think that there's still an interest in this court adhering to what the clear language of the statute. If the statute says that the test should be the court, then that is a clear mandate on behalf of the legislature that those tests be determined by the court. Furthermore, I mean, if you were to skip down and read the second sentence in that same statute, it seems to provide support for this same notion. And that's the second sentence specifically states, the condition stated in the preceding sentence may be ameliorated or suspended by who? Well, by the court as provided by section 18 U.S.C. 3563 A.4. So I think that there's additional support within the same statute for this notion that the legislative intent was clear and that the court of appeal, excuse me, that the district court must be the court which determines the amount of time or the amount of drug tests which an individual might be facing. The government's probation officer is in a closer or a better position to make that decision is, quite frankly, it's not a good argument. Probation officers on a regular basis reach out to counsel when they've identified that an additional supervisory condition may be necessary. Maybe it's more testing is needed or less testing is needed. They reach out to defense counsel. They reach out to the prosecutor to see if they agree or would stipulate to the change. And if not, the probation officer takes the issue to the judge who then holds a hearing and determines whether or not the new condition is necessary. So this notion that the government, the probation officer is in a better position than the judge, it's not really true. I mean, the judge makes decisions on a regular basis regarding an individual's supervision and the conditions thereof. For another example of that, your honor, would simply be if the probation officer is indeed in a better position, why not let the probation officer determine how long the probationary period is at all? And the answer to that is quite simple. It's provided by the statute. It clearly says that if it's a class A felony, you do five years. If it's a class B felony, it's three years. But under the government's argument, if the probation officer is situated closer to the defendant, oh, I'm sorry. I see my time is up. I apologize. If I may continue. Thank you very much, your honor. I'll consider the argument submitted. May it please the court. Can everybody hear me okay? Yes. Yes. Thank you. Frederick Mendenhoff in the United States here, your honor. This case, it arises from a DUI. It's a DUI-related case. And everybody agrees here that Mr. Miller, the defendant below, has a history of DUI-related offenses. The court below imposed a guideline sentence of 36 months. And here before you today, Mr. Miller raises two general attacks. One is the substantive reasonableness of that guideline sentence. And the second is the substance abuse testing condition that Mr. Fuchs and you all heard. Counsel, subject to being overruled by my colleagues, I think you need to focus on the argument that was raised by opposing counsel. Yes, your honor. I will. That was my plan. I was going to talk about the substance abuse testing condition, and I'll just jump right in. It seems like he's got three general attacks on that substance abuse testing condition. And the first one I'm going to take up is the statutory delegation argument. And Mr. Miller argues that this statute is clear that the court must determine all of the drug tests. And that's not what the statute says, respectfully. And here I'm going to focus on the language. It says, the court shall also order as an explicit condition of supervised release that the defendant refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter as determined by the court. And Mr. Miller is latched on that language and says, that means the court has to determine all the drug tests or the maximum number of drug tests. And the way it should be read, I think, focusing on this at least language is that Congress has said the court, the district court needs to determine the minimum number of tests. It's saying, hey, district court, you need to determine those three. That's the floor, but you need to otherwise determine the minimum. It could be five. It could be seven. That's what the court's saying. And I know that Mr. Miller has cited these three out-of-circuit court cases that all seem to say that. I want to focus on a couple of them. First, I will note that there was a dissent in the United States v. Stevens from Judge Clifton. And Judge Clifton, I think, reading that dissent to me, he adopts that reasoning. He says, this is about a minimum number of tests. That's what that language is doing. It's not saying the court needs to determine all of the tests or the maximum number of tests. That is just the minimum number of tests. Did the court here set the minimum? I'm sorry, what was that, Your Honor? Did the court here set the minimum number of tests? Yes, Your Honor, she did. The district court set the three as the minimum. And just jumping into some of the other cases, the circuit court cases, it looks like you have a question, Judge Phillips? Where did that happen? I thought what I read from her was just the statutory language. She did, Your Honor. She read the statutory language and she set, as the statutory language says, she just set the three. As the two, at least two is determined by the court. Correct. That's what she did. I'm sorry, what was that? Why do you read that to say the number three? Your Honor, because it says, and submit to a drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter. So one plus two to the three. Well, she's just repeating the language of the statute. She's saying probation officer, you get to figure out how many, but you can't go under two after the initial one. I think that's what the district court did. And I'm just focusing on the language to say, what is Congress saying? What is it saying in terms of what must the district court do? And it's saying you must set the minimum. And it says it's got to be at least three, but I think this language could be read to say the minimum could be more and the district court determines that. It could be five, it could be seven, but that's what this language is doing. And if the court disagrees with the United States reading there, I will say that the court can affirm the district court on the third prong or any of the prongs of plain error review, focusing on the prejudice. As all these other circuit courts have said, they're united in saying that the defendant can't show prejudice, can't show that the probation officer would impose something more strict than the district court. So he fails under this prong, at least with respect to the statutory delegation argument. And are we dealing with a constitutional error here? No, your honor, I would submit that you're not. And the reason that is, is because this has to do with rehabilitation, not punishment. And that's what this court's precedents have said about whether there's an unconstitutional delegation of authority, is it punishment or is it rehabilitation? And the narrow issue here that Mr. Miller says has been delegated is not whether or not he should be incarcerated if he fails a drug test. It's only the number of drug tests. So what about the argument that a revocation for not submitting to a drug test is going to land you back in prison? Your honor, and the United States response to that is that that decision is still in the district court's hands. So there's no delegation. The district court is still making that decision about revocation. The only thing that's been delegated here is the number of tests. And certainly Mr. Miller could fail that test. But the person who ultimately determines that revocation is the district court. So there can't be an unconstitutional delegation of authority about the revocation because the probation officer is not making that revocation decision. Well, you have nine and a half minutes and I want to take one of them. And what I want you to respond to is the same question that I asked opposing counsel, which is, why are you conceding that that disputed paragraph is speaking about the probation officer testing as opposed to the program testing? Your honor, I think to respond to your question, I think you could interpret it the way your honor wants to and that it's impatient. And if that was the case, you know, the Ninth Circuit said that's appropriate in Stevens and that you should, you can affirm on that ground. And it avoids any constitutional issues. Yes, your honor. I believe it does, at least under the reasoning in United States v. Stevens, which all the judges. And isn't that consistent with Bayer where we say in Bayer, if we're given an ambiguous condition and we can interpret it in a way that violates the constitution and implicates liberty interests, or we can interpret it in a way that does not, we take the more restrictive interpretation and assume the district court didn't intend to violate the statute or the defendant's constitutional rights. Your honor, I think you could affirm that way on the constitutional issue if the court wants to. I think you could also just make the determination that, well, if this is talking about the probation officer, it's not an unconstitutional delegation for the reasons that I outlined, that it is about rehabilitation. It's a number of drug tests. The purpose is to try to get this guy back on his feet after he's out of prison, make sure he's on a path to rehabilitation. Turning to the third argument on the sentence and condition about the record, whether it supports the drug test aspect of it, I am going to focus on the third problem of plain error. And this court has said- And you're conceding that it was in fact error not to make particular findings? Your honor, yes. We concede that, your honor. I reviewed the record and I couldn't find anywhere where the district court specifically considered it. But on the third prong, it should still be affirmed. And for this reason, there's a connection. There's a connection between alcohol abuse and potential other substance abuse. And other circuit courts have found that. I'll note in a recent decision that- This is a slightly separate issue, but a recent decision authored by Judge Baldock in United States v. Richards. Before the court was an issue of an individual, it was a CP case. And the question was whether a drug and alcohol testing condition was reasonable. And the court found, yes, it was. And it noted that there was, you know, the defendant's alcohol use was remote in time. But the court reasoned, at least in part, that we wanted to make sure, the probation officer wanted to make sure that he stayed on the- He didn't trade one vice for another, his drug addiction for the CP offense that he'd been committing and stay upon the path of rehabilitation, and affirmed that condition. And I adopt that reasoning here, Your Honor. I think that's what this is about. And another issue, or at least another reason to affirm this condition, is that there's always a chance, you know, I'm not saying that Mr. Miller would suddenly get addicted to another drug, but if he tried another drug, it impairs your judgment. Most drugs do. And he could, you know, while trying that drug, could be tempted to go back to drinking alcohol, which is something this, you know, his probation officer would be concerned about. And I think for those reasons, this condition can be affirmed here on plain error review. One thing I wanted to note in terms of the condition, and this didn't really come up in the briefing, but I did want to note that if there is an ambiguity in the condition, Mr. Miller has a safety valve. At any time, and Mr. Fuchs was getting at this, at any time, he can file a motion to clarify a condition. And that can be considered by the district court in the first instance. So in terms of if there's an ambiguity or any reason that this needs to be clarified, this court can affirm on clear error. And I just want to make clear that Mr. Miller, he may still have a remedy if it becomes an issue down the line. I just wanted to flag that issue for the court. And finally, I'll turn to the substantive reasonableness of the sentence, unless your honors have any questions about the substance abuse testing condition. This is a reasonable guideline sentence. The district court did not act in an arbitrary or whimsical or capricious fashion. She considered all the factors on the record. She noted that in the record of appeals, second volume 49 to 50. Her whole, the entire colloquy extends from 44 to I think 57. She considered the injuries to the victim. She considered Mr. Miller's background, his DUI related convictions, eight of them, three of which he had a blood alcohol content above 0.25. A guideline sentence is reasonable. And I would ask the court to affirm the district court below. With the panel's permission, I'd like to give Mr. Fuchs a couple of minutes in rebuttal. If he has anything, you don't have to take it if you don't want. You need to unmute Mr. Fuchs. Thank you. I'm sorry. A couple of things. First, regarding whether probation is rehabilitative or punitive, it's both. This is not just a rehabilitative effort. This is rehabilitation plus punishment, as the United States Supreme Court stated in Gaul. Being on supervised release or probation is a substantial limitation on an individual's liberties. Jail is rehabilitative and punitive as well. It's not a one or the other. It's that they are both. Regarding the notion that Mr. Miller has a safety valve or has an escape valve, it puts him in a difficult position, potentially, of having to disregard the condition and then make the argument that he shouldn't have to. Or go along with the condition, which very well, and it's the defense sees it, is in violation of 10th Circuit jurisprudence, as well as 18 U.S.C. 3583B. Yeah, there is a connection between. I would agree with Mr. Mendenhall. There certainly is a connection between alcohol and drugs. And if one is addicted to alcohol, when they drink, their judgment might become impaired and drugs might become involved as well. But we don't contest that. And in fact, the issue regarding that special condition is more narrow than that. We didn't contest the drug, the requirement that he go through drug counseling. We didn't object to the mandatory condition that he's subject to drug testing. We recognize that there is potentially that connection. The problem that we see is that when you do already have those other two conditions in place, and then you have yet a third condition, which seems to already be covered with no additional findings or particularized findings why that condition is needed, then we run into a problem. We start bumping up against United States Free Burns and the other Tenth Circuit jurisprudence. I don't have anything further to add. Thank you very much, Justice Phillips, for the additional time. And thank you, all of you. Thank you both for your arguments. The case is submitted and counsel are excused.